UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSEPH MILLIKEN II, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-492-JD-MGG |
| MATT HASSEL, et al., | |
| Defendants. | |

OPINION AND ORDER

Joseph Milliken II, a prisoner without a lawyer, filed two amended complaints. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the initial complaint, Milliken named Matt Hassel, Bo Holcomb, Quality Correctional Care, and Marshall County Sheriff's Department as defendants and described his difficulty with obtaining appropriate treatment for diabetes and

overcrowded conditions at the Marshall County Jail. ECF 1. In the screening order, the court found that Milliken did not state any valid claims in the initial complaint because he did not describe how the defendants were personally involved with his claims but granted Milliken leave to file an amended complaint. ECF 4. In response, Milliken filed two different amended complaints. In the first amended complaint, he focuses on correctional staff and discusses their involvement with his diabetes condition and overcrowded conditions. ECF 5. In the second amended complaint, he focuses on medical staff and discusses medical staff's involvement with his diabetes condition. ECF 6.

These amended complaints are procedurally deficient in numerous respects. To start, the local rules provide that parties seeking to amend a complaint must submit a copy of the proposed amended complaint in its entirety, but, here, it appears that Milliken is attempting to amend his complaint in a piecemeal fashion. *See* N.D. Ind. L.R. 15-1. Next, Milliken did not provide a complete list of defendants, which is a necessary component of any complaint. *See* Fed. R. Civ. P. 10(a). Finally, Fed. R. Civ. P. 11(a) requires parties to sign all pleadings and motions, but Milliken did not sign either of the amended complaints.

Though Milliken cannot proceed on these amended complaints, the court will grant him one final opportunity to file a complaint that complies with the procedural rules and states a valid claim. The court notes that Milliken chose not to use the court's approved complaint form for the amended complaints. However, the court designed this form in an effort to prevent inmates from filing procedurally deficient complaints,

so if he chooses to file another amended complaint, he should use this form. He must also put the case number of this case on the amended complaint, which is on the first page of this order.

For these reasons, the court:

(1) GRANTS Joseph Milliken II until <u>October 9, 2020</u>, to file an amended complaint;

(2) DIRECTS the clerk to send Joseph Milliken II a copy of the court's form for a Prisoner Complaint (INND Rev. 2/20) and

(3) CAUTIONS Joseph Milliken II that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on September 10, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT